UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

KSL GLOBAL MARKET RESEARCH, LLC, )
)
    Plaintiff, )
)
v. ) Case No. 4:16-CV-01072
)
RYAN KELLY, )
)
    Defendant. )

### VERIFIED COMPLAINT FOR TEMPORARY, PRELIMINARY, AND PERMANENT INJUNCTION AND DAMAGES

Plaintiff KSL Global Market Research, LLC, which does business as Decipher ("Decipher"), for its causes of action, states as follows:

### PARTIES

1. Plaintiff is a Missouri corporation with its principal place of business in St. Louis, Missouri.

2. Upon information and belief, Defendant is an individual who resides in St. Louis, Missouri.

### JURISDICTION AND VENUE

3. The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331, and supplementary jurisdiction pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendant resides in this District and/or a substantial part of the events or omissions giving rise to these claims occurred in this District.

## ALLEGATIONS COMMON TO ALL COUNTS

A. **DECIPHER'S BUSINESS AND TRADE SECRETS**

5. Plaintiff Decipher is an independent corporate intelligence provider that assists legal and professional firms with conducting background checks on their lateral executive level hires.

6. Decipher has clients throughout the United States and around the world, including in the United Kingdom, China, Hong Kong, Japan, Taipei, Israel, and Dubai.

7. Decipher has expended considerable time, resources and expense to develop and market its services, to create its processes for background checks, to compile data on its clients and the market in general, and to develop substantial relationships and goodwill with its clients, prospective clients, and suppliers.

8. Decipher considers certain confidential client and business information to be trade secrets ("Trade Secret Information"). This Trade Secret Information includes but is not limited to certain reports (which contain specific information regarding its clients), client lists, prospect lists, pricing information, client preferences, costs and processes.

9. The Trade Secret Information is not generally known to the public nor readily ascertainable by proper means.

10. The Trade Secret Information, including the confidential client information contained in the reports was developed at considerable cost and expense over a period of years. It would require, at a minimum, a number of years, and considerable time and expense, to recreate even a portion of this Trade Secret Information through lawful means. The possession and/or use of such information would give Decipher's competitors an unfair economic advantage in developing, marketing and selling their services.

11. Decipher used, and continues to use, reasonable and diligent efforts to maintain the secrecy and protect its Trade Secret Information. These efforts include, but are not limited to, prohibiting access to the information by the general public through passwords on its employees' computers and requiring an additional password to log into Decipher's Outlook 365 where the Trade Secret Information is stored.

12. The Trade Secret Information derives independent economic value from not being generally known to, and not being readily ascertainable by proper means, by other persons who can obtain economic value from its disclosure or use.

13. By reason of the above, the Trade Secret Information and/or portions thereof, constitute trade secrets within the meaning of the Defend Trade Secrets Act of 2016 and the Missouri Uniform Trade Secrets Act.

**B.  DEFENDANT'S EMPLOYMENT WITH DECIPHER AND ITS PREDECESSOR COMPANIES**

14. Defendant worked as a Research or Intelligence Analyst for Decipher or its management, predecessor, or affiliated companies from January 5, 2014, until his voluntary resignation on June 29, 2016.

15. As an Intelligence Analyst, Defendant conducted due diligence for Decipher's clients on attorney candidates they were considering hiring. This included investigation into the candidates' employment history, book of business, whether potential clients may follow candidates to the new firm, and whether other attorneys may follow candidates to the new firm.

16. In his capacity as an Intelligence Analyst, Defendant had direct, continuous, and extensive access to, and acquired considerable knowledge concerning, Decipher's Trade Secret Information.

17. With this access, Defendant became well acquainted with Decipher's clients and with their needs and future plans, as well as with all secret methods and processes used by Decipher in the conduct of its business.

18. Defendant was informed and aware that the Trade Secret Information was confidential and proprietary trade secret information.

### C. DEFENDANT RESIGNED FROM DECIPHER BUT NOT BEFORE TAKING DECIPHER'S TRADE SECRET INFORMATION AND WIPING HIS WORK COMPUTER AND WORK PHONE.

19. On June 29, 2016, upon returning from a week's vacation, Defendant voluntarily resigned his employment without any notice.

20. Immediately following his resignation from Decipher, Defendant became an employee of Fox Rodney Search, LLLP ("Fox Rodney"), a legal recruiting firm, where Defendant could use Decipher's Trade Secret Information without authorization and where he, on behalf of Fox Rodney, may begin competing directly with Decipher after July 29, 2016, which is when a non-competition agreement between Decipher and Fox Rodney will expire.

21. Before Defendant's last day of work with Decipher, Defendant took Decipher's Trade Secret Information, including sending Decipher's "Moves Data File" to his personal email address. Defendant also inserted a non-company thumb drive into his work laptop computer on June 22, 2016, and downloaded Decipher's "Moves Data File" and possibly other documents.

22. Defendant also tried to delete his Outlook 365 account before returning his work computer to Decipher. Defendant deleted his entire inbox of emails and many of his sent emails. Decipher's outside IT vendor is currently working to recover Defendant's emails so Decipher can determine if Defendant sent any other Trade Secret Information to himself or others outside the company.

23. In addition, Defendant wiped his company-issued iPhone before he returned it to Decipher.

24. Based on Decipher's investigation and upon information and belief, Defendant unlawfully emailed, downloaded, or otherwise took Decipher's Trade Secret Information for his personal use and for the use of his current employer, Fox Rodney.

## COUNT I

## THEFT OF TRADE SECRETS
## IN VIOLATION OF THE DEFEND TRADE SECRETS ACT OF 2016

25. Decipher realleges and incorporates as if fully set out herein paragraphs 1 through 24 of its Complaint.

26. Decipher's Trade Secret Information constitutes trade secrets within the meaning of the Defend Trade Secrets Act of 2016 ("DTSA"), 18 U.S.C. § 1836, *et seq.*, in that it constitutes information, including but not limited to, financial, business, technical, or economic information, including patterns, plans, compilations, formulas, methods, techniques, processes, procedures, or programs that derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by another person who can obtain economic value from its disclosure or use and it has been the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

27. Any misappropriation or improper use of Decipher's Trade Secret Information constitutes violations of the DTSA.

28. Defendant is prohibited by the DTSA from using or disclosing Decipher's confidential and proprietary information and trade secrets outside the course and scope of his employment with Decipher.

29. Defendant has attempted to acquire Decipher's Trade Secret Information through improper means and, upon information and belief, has acquired and/or used Decipher's Trade Secret Information through improper means.

30. The violations of the DTSA described in this Complaint are actual and continuous and may result in Defendant's unjust enrichment and will cause, and continue to cause, lost business, lost profits and other serious irreparable harm and injury to Decipher, its business operations, relationships, and goodwill. Such actual or threatened misappropriation must be enjoined.

31. Decipher is entitled to damages, including the actual losses caused by the misappropriation and the unjust enrichment caused by the misappropriation.

32. By reason of the foregoing, Decipher has been damaged in an amount which cannot be determined with certainty at this time, and has suffered, and continues to suffer, irreparable harm and injury.

33. Unless permanently enjoined, Defendant will persist, to Decipher's continuing harm, in the above-described unlawful behavior, for the redress of which Decipher has no adequate remedy at law.

34. The harm that Decipher may suffer if Defendant is not restrained as requested herein far outweighs the harm Defendant would suffer from the entry of injunctive relief.

35. Through the factual allegations contained herein, Decipher has established a likelihood of success on the merits, that there exists no adequate remedy at law, and a balancing of the equities favors the entry of an injunction against Defendant.

WHEREFORE, Plaintiff prays for judgment in its favor and against Defendant under Count I of Plaintiff's Complaint as follows:

A. Defendant be temporarily, preliminarily, and permanently enjoined and restrained as follows:

   i. That Defendant will keep at all times confidential and shall not divulge, reveal or disclose any of Decipher's trade secrets, financial, business, technical , or economic information that is confidential or proprietary information including patterns, plans, compilations, formulas, methods, techniques, processes, procedures, or programs, customer names and other information related to customers, price lists, pricing policies, as well as any information described above that Decipher treats as proprietary or confidential information.

   ii. That Defendant shall return to Decipher all originals and all copies of documents (electronic or otherwise) that are proprietary, confidential, and/or trade secret information that Defendant obtained, learned, created, or was made aware of during his employment with Decipher, including trade secrets documents concerning Decipher's clients and its "Moves Data File."

   iii. That Defendant is prohibited from using, relying upon, or disclosing to Fox Rodney or any affiliate or any other person or entity any Trade Secret Information of Decipher acquired by Defendant in the course of or arising out of his employment by Decipher.

   iv. That Defendant is restrained from deleting, destroying, duplicating or copying any of Decipher's documents and property, whether electronic or otherwise, that is currently in his possession.

   v. For an Order requiring Defendant to maintain and preserve all computerized or other electronically stored information on his business and personal computers.

   vi. For an Order requiring Defendant to immediately return all Decipher information currently in his possession, whether in electronic or hard copy form.

B. Defendant be required to return to Decipher all originals and all copies of documents (electronic or otherwise) that are confidential trade secret information, including trade secrets documents concerning Decipher's clients and business, that Defendant obtained, learned, created, or was made aware of during his employment with Decipher;

C. For an accounting of all monies and profits realized by Defendant as a result of the conduct alleged herein and for other damages that may be determined and fixed by this Court;

D. For damages for actual losses, unjust enrichment, or other damages caused by Defendant's misappropriation of Decipher's trade secrets;

E.    For exemplary damages for Defendant's willful and malicious misappropriation of Decipher's trade secrets; and

F.    For such other and further relief the Court deems just and proper.

## COUNT II

## MISAPPROPRIATION OF TRADE SECRETS
## IN VIOLATION OF THE MISSOURI UNIFORM TRADE SECRETS ACT

36. Decipher realleges and incorporates as if fully set out herein paragraphs 1 through 35 of its Complaint.

37. Decipher's Trade Secret Information constitutes trade secrets within the meaning of the Missouri Uniform Trade Secrets Act ("MUTSA") Mo. Rev. Stat. §§ 417.450–417-467, in that it constitutes information, including but not limited to, financial, business, technical, or economic information, including patterns, plans, compilations, formulas, methods, techniques, processes, procedures, or programs that derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by another person who can obtain economic value from its disclosure or use and it has been the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

38. Any misappropriation or improper use of Decipher's Trade Secret Information constitutes violations of MUTSA.

39. Defendant is prohibited by MUTSA from using or disclosing Decipher's confidential and proprietary information and trade secrets outside the course and scope of his employment with Decipher.

40. Defendant has attempted to acquire Decipher's Trade Secret Information through improper means and, upon information and belief, has acquired and/or used Decipher's Trade Secret Information through improper means.

8

41. The violations of MUTSA described in this Complaint are actual and continuous and may result in Defendant's unjust enrichment and will cause, and continue to cause, lost business, lost profits and other serious irreparable harm and injury to Decipher, its business operations, relationships, and goodwill. Such actual or threatened misappropriation must be enjoined.

42. Decipher is entitled to damages, including the actual losses caused by the misappropriation and the unjust enrichment caused by the misappropriation.

43. By reason of the foregoing, Decipher has been damaged in an amount which cannot be determined with certainty at this time, and has suffered, and continues to suffer, irreparable harm and injury.

44. Unless permanently enjoined, Defendant will persist, to Decipher's continuing harm, in the above-described unlawful behavior, for the redress of which Decipher has no adequate remedy at law.

45. The harm that Decipher may suffer if Defendant is not restrained as requested herein far outweighs the harm Defendant would suffer from the entry of injunctive relief.

46. Through the factual allegations contained herein, Decipher has established a likelihood of success on the merits, that there exists no adequate remedy at law, and a balancing of the equities favors the entry of an injunction against Defendant.

WHEREFORE, Plaintiff prays for judgment in its favor and against Defendant under Count II of Plaintiff's Complaint as follows:

    A.    Defendant be temporarily, preliminarily, and permanently enjoined and restrained as follows:

        i.    That Defendant will keep at all times confidential and shall not divulge, reveal or disclose any of Decipher's trade secrets, financial, business, technical , or economic information that is confidential or proprietary information including patterns, plans, compilations, formulas, methods,

9

    techniques, processes, procedures, or programs, customer names and other information related to customers, price lists, pricing policies, as well as any information described above that Decipher treats as proprietary or confidential information.

  ii. That Defendant shall return to Decipher all originals and all copies of documents (electronic or otherwise) that are proprietary, confidential, and/or trade secret information that Defendant obtained, learned, created, or was made aware of during his employment with Decipher, including trade secrets documents concerning Decipher's clients and its "Moves Data File."

  iii. That Defendant is prohibited from using, relying upon, or disclosing to Fox Rodney or any affiliate or any other person or entity any Trade Secret Information of Decipher acquired by Defendant in the course of or arising out of his employment by Decipher.

  iv. That Defendant is restrained from deleting, destroying, duplicating or copying any of Decipher's documents and property, whether electronic or otherwise, that is currently in his possession.

  v. For an Order requiring Defendant to maintain and preserve all computerized or other electronically stored information on his business and personal computers.

  vi. For an Order requiring Defendant to immediately return all Decipher information currently in his possession, whether in electronic or hard copy form.

B. Defendant be required to return to Decipher all originals and all copies of documents (electronic or otherwise) that are confidential trade secret information, including trade secrets documents concerning Decipher's clients and business, that Defendant obtained, learned, created, or was made aware of during his employment with Decipher;

C. For an accounting of all monies and profits realized by Defendant as a result of the conduct alleged herein and for other damages that may be determined and fixed by this Court;

D. For damages for actual losses, unjust enrichment, or other damages caused by Defendant's misappropriation of Decipher's trade secrets;

E. For exemplary or punitive damages for Defendant's willful and malicious misappropriation of Decipher's trade secrets; and

F. For such other and further relief the Court deems just and proper.

## COUNT III

### VIOLATIONS OF THE STORED WIRE AND ELECTRONIC COMMUNICATIONS AND TRANSACTIONAL RECORDS ACCESS ACT ("SECTRA")

47. Decipher realleges, and incorporates by reference the allegations set forth in Paragraphs 1 through 46 of the Complaint as though fully set forth herein.

48. Prior to his departure from Decipher, Defendant intentionally exceeded his authorization to access Decipher's electronic communications service and obtained access to electronic communications while those communications were in storage.

49. Defendant's actions were in violation of SECTRA, 18 U.S.C. § 2701, *et seq.*

WHEREFORE, Plaintiff prays for judgment in its favor and against Defendant under Count III of Plaintiff's Complaint as follows:

    A.    Enter a temporary, preliminary, and permanent injunction requiring Defendant to return all and not retain any copies of information he unlawfully obtained from Decipher;

    B.    Award damages in an amount to be determined at trial;

    C.    Award attorneys' fees and costs incurred by Decipher in pursuit of this litigation;

    D.    For such other and further relief the Court deems just and proper.

## COUNT IV

### VIOLATIONS OF THE COMPUTER FRAUD AND ABUSE ACT

50. Decipher realleges, and incorporates by reference the allegations set forth in Paragraphs 1 through 49 of the Complaint as though fully set forth herein.

51. The Computer Fraud and Abuse Act, 18 U.S.C. § 1030 et seq., permits any person who suffers damage or loss by reason of the criminal activity prohibited by this federal statute to bring a civil action for damages and injunctive relief.

52. As detailed above, Defendant, knowingly and with intent to defraud, accessed protected computers owned by Decipher, and by means of such conduct furthered the intended fraud and obtained things of value, including, among other things, valuable customer and market information belonging to Decipher, and the object of the fraud and the thing(s) obtained and the value of the use of the information is more than $5,000 in violation of federal criminal law. 18 U.S.C. § 1030(a)(4).

53. By reason of the acts alleged herein, Decipher has been injured and damaged in an amount to be determined at trial and because its remedy at law is inadequate, seeks injunctive relief to protect its confidential, proprietary and competitively valuable customer and supplier information, its goodwill, and other legitimate business interests.

WHEREFORE, Plaintiff prays for judgment in its favor and against Defendant under Count IV of Plaintiff's Complaint as follows:

A. Enter a temporary, preliminary, and permanent injunction requiring Defendant to return all and not retain any copies of information he unlawfully obtained from Decipher;

B. Award damages in an amount to be determined at trial;

C. Award attorneys' fees and costs incurred by Decipher in pursuit of this litigation;

D. For such other and further relief the Court deems just and proper.

### COUNT V

### VIOLATION OF THE MISSOURI STATUTE AGAINST TAMPERING WITH COMPUTER DATA AND EQUIPMENT, R.S.MO. § 537.525, AND THE MISSOURI STATUTE AGAINST TAMPERING WITH COMPUTER EQUIPMENT, R.S.MO. § 569.097.

54. Decipher realleges, and incorporates by reference the allegations set forth in Paragraphs 1 through 53 of the Complaint as though fully set forth herein.

55. Defendant removed from Decipher's computer system confidential and proprietary and trade secret information in violation of MO. REV. STAT. § 537.525.

56. Defendant violated MO. REV. STAT. § 537.525 when he tampered with computer data and equipment belonging to Decipher, knowing he was without authorization to do so or knowing he was exceeding his authorization to use the computer data and equipment, and having no reasonable grounds upon which to believe that he was so authorized.

57. As a consequence and proximate result of Defendant's tampering with Decipher's computer system, Decipher has suffered and will continue to suffer pecuniary loss in the form of actual damages.

58. That, pursuant to MO. REV. STAT. § 537.525, Decipher (as the owner of the computer system, network, programs, and data) has the right to bring a civil action against any and all persons who knowingly and without authorization, or without reasonable grounds to believe that he or she has such authorization, tampers with computer data, for:

   A.  Compensatory damages, including any expenditures reasonably and necessarily incurred by the Plaintiff to verify that the computer system, computer network, computer program, computer service, or data was not altered, damaged, or deleted by the wrongful access; and

   B.  Reasonable attorney's fees.

WHEREFORE, Plaintiff prays for judgment in its favor and against Defendant under Count V of Plaintiff's Complaint for and an award of compensatory, exemplary and/or punitive damages, and for attorney's fees in an amount fair and reasonable, and for such other and further relief the Court deems just and proper.

## COUNT VI

### BREACH OF DUTY OF LOYALTY

59. Decipher realleges, and incorporates by reference the allegations set forth in Paragraphs 1 through 58 of the Complaint as though fully set forth herein.

60. As an employee of Decipher, Defendant was an agent of Decipher and owed Decipher a duty of the utmost good faith and loyalty, including a duty of candor and a duty not to use confidential and proprietary and trade secret information pertaining to Decipher's business and a duty not to reveal such information to those outside of Decipher.

61. In addition, Defendant owed a duty not to act contrary to Decipher's interests while he was employed by Decipher, which he violated.

62. By reason of the acts alleged herein, Decipher has been injured in an amount to be determined at trial and because its remedy at law is inadequate, seeks injunctive relief to protect its confidential and proprietary customer and supplier information, its goodwill, and other legitimate business interests.

63. In committing the acts complained of, Defendant's conduct was outrageous because of an improper motive and/or because of a reckless indifference to Decipher's rights, subjecting Defendant to liability to punitive damages.

WHEREFORE, Plaintiff prays for judgment in its favor and against Defendant under Count VI of Plaintiff's Complaint and for an award of compensatory and punitive damages, and for attorney's fees in an amount fair and reasonable, and for such other and further relief the Court deems just and proper.

Respectfully submitted,

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.


/s/ Heidi Kuns Durr
Burton D. Garland, Jr., #46720
Heidi Kuns Durr, #48753
7700 Bonhomme Ave, Suite 650
St. Louis, Missouri 63105
Telephone: (314) 802-3953
Facsimile: (314) 802-3936
burton.garland@ogletreedeakins.com
heidi.durr@ogletreedeakins.com

Attorneys for Plaintiff

## VERIFICATION

Pursuant to 28 U.S.C. § 1746, I, Lara Glauber, certify under penalty of perjury as follows:

1. I am the Chief Financial Officer for KSL Global Market Research, LLC, which does business as Decipher, the plaintiff in this action; and

2. The facts alleged in the Verified Complaint are based upon matters known personally to me and/or on information provided to me by others, and are true and correct to the best of my knowledge, information and belief.

Dated: July 1, 2016

*Lara Glauber* (signature)
Lara Glauber

7374392.5